IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL ROSS, | CV 25-121-M-KLD |
| Plaintiff, | ORDER |
| v. | |
| NORTH LAKE COUNTY PUBLIC LIBRARY, and ABBI DOOLEY, | |
| Defendants. | |

On August 4, 2025, pro se Plaintiff Michael Ross filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against the North Lake County Public Library and its director, Abbi Dooley. (Doc. 2).

**I.    Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On August 4, 2025, Ross completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

**II.    Screening Requirement**

1

Because Ross is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In screening a complaint, the court applies the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Thus, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677– 78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of

judicial notice – without converting the motion to dismiss into a motion for summary judgment." *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l.*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## III.    Analysis

Ross brings this action against North Lake County Public Library and Director Dooley in her official capacity. (Doc. 2 at 2). He alleges violations of the Fourteenth Amendment to the United States Constitution and "Title II, V, VI, and VII" of an unspecified statute. (Doc. 2 at 3). Liberally construed, Ross's allegations arise under Title II of the Americans with Disabilities Act ("ADA").

(Doc. 2 at 3). The Complaint alleges that Defendants "denied [Ross] access to the library, refused [Ross] services, and refused to help a totally blind person." (Doc. 2 at 4). The Complaint also alleges Ross sustained "emotional and mental" injuries, including headaches and stress. (Doc. 2 at 5). As a result, the Complaint seeks five million dollars and punitive damages. (Doc. 2 at 5).

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C § 12132. To state a claim  under Title II, a plaintiff must allege: "'(1) he is a qualified individual with a disability; (2) he was either  excluded from participation in or denied benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.'" *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737−38 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)).

"Title II's implementing regulations prohibit disability discrimination in a number of forms", including "denying individuals with disabilities the opportunity to participate in a program or service, providing an unequal opportunity to participate in the program or service, or providing the entity's program or service in

4

a way that is not effective in affording the individual with a disability an equal opportunity to obtain the same result as provided to others." *Payan*, 11 F.4th at 738 (citing 28 C.F.R. § 35.130(b)(1)). Moreover, the regulations require public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." *Payan*, 11 F.4th at 738 (citing 28 C.F.R § 35.130(b)(7)(i)).

Ross attached the following documents to his Complaint: a letter from the Polson City Attorney to Ross that contains email communications between the Polson City Manager and Director Dooley (Doc. 2-1 at 6−8); a Notice of No Trespass from Director Dooley on behalf of the North Lake County Public Library served upon Ross by the Polson Police Department (Doc. 2-1 at 9−10); and three police reports documenting the series of events leading up to Ross's Complaint, including Ross's initial complaint against the North Lake County Public Library submitted to the Polson Police Department (Doc. 2-1 at 13−16); and Director Dooley's account of the events in a voluntary interview conducted by the Polson Police Department (Doc. 2-1 at 17−18). Although the factual allegations in the body of the Complaint are brief, Ross relies on the "attached police report and

letter from library" to support his claims, and the Court considers the attached documents as incorporated by reference into the Complaint. (Doc. 2 at 4).

The Notice of No Trespass letter from Director Dooley attached to the Complaint appears to inform Ross that he is "banned from the North Lake County Public Library District" and "any violation of this directive is viewed as an actionable violation of the Montana Code Annotated: 4-6-203 related to criminal trespassing." (Doc. 2-1 at 9). The letter cites to the following as violations of the Library's Rules of Conduct and as the basis for the letter: "[u]se of loud, abrasive, or insulting language or gestures" and "[h]arassment of any kind." (Doc. 2-1 at 9). Additionally, the first police report, dated July 24, 2025, details service of the Notice of No Trespass letter on Ross and confirms Ross "understood that he was trespassed and not allowed at the library, and if he did go back, he would be arrested for criminal trespass." (Doc. 2-1 at 11).

The second police report attached to the Complaint, dated July 19, 2025, explains that "… Ross called to report the North Lake County Public Library in Polson was not providing him with accommodations for his disability." (Doc. 2-1 at 14). In the police report the officer states: "[Ross] said the employees told him they could no longer help him and would not type for him. Michael felt as though he was being discriminated against and they were not following the ADA (Americans with Disabilities Act)." (Doc. 2-1 at 14).

6

The third police report attached to the Complaint, dated July 24, 2025, details a voluntary interview with Director Dooley conducted by the Polson Police Department. According to Director Dooley, Ross visited the library approximately five times. (Doc. 2-1 at 17). It appears Ross sought assistance from the library staff with downloading an application to his cell phone, writing letters, and "filling out forms for a Supreme Court case he was trying to file." (Doc. 2-1 at 17−18). The library staff assisted him at each of these visits, but on his last visit, the library staff notified Ross that he needed to schedule an appointment any for future visits because the library "did not have enough staff to help him and cover the front desk at the same time." (Doc. 2-1 at 18). Director Dooley also mentioned Ross would get "slightly intimidating, in a nice way" when staff could not immediately help him and "the staff felt they were being harassed." (Doc. 2-1 at 18). These events led Director Dooley to bring the issue to the library board which gave her permission to trespass Ross. (Doc. 2-1 at 17).

Taking the factual allegations in the Complaint as true, and considering the documents attached to the Complaint, Ross has alleged facts demonstrating that he is disabled because he is blind, and from which it can reasonably be inferred that he was denied the benefits of the services provided at the Northlake County Public Library when Director Dooley issued the Notice of No Trespass banning him from the library district. Liberally construing the Complaint and attached documents in

Ross's favor, it can also be reasonably inferred that Ross was banned from the Northlake County Public Library by reason of, or because of, his disability.

Additionally, to state a claim for monetary damages under Title II of the ADA, a plaintiff must allege facts showing intentional discrimination on the part of the defendant. *Duvall*, 260 F.3d at 1139. To do so, a plaintiff must meet the "deliberate indifference standard", requiring "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Duvall*, 260 F.3d at 1139. Notice to the public entity that accommodations are needed will satisfy the first element of the deliberate indifference standard. *Duvall*, 260 F.3d at 1139. To satisfy the second element of the deliberate indifference standard, a plaintiff must show that the public entity's failure to act was more than just negligent and involved an element of deliberateness. *Duvall*, 260 F.3d at 1139−40. Taking the allegations in the Complaint, supported by attachments, as true and construing them liberally in Ross's favor, it can reasonably be inferred that the deliberate indifference standard is met, and Ross may seek monetary relief under Title II of the ADA.

Therefore, the Court cannot say at this early stage that the Complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary gain against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## IV.    Service of Complaint

Because Ross is proceeding in forma pauperis, he is entitled to have his complaint and summon served by the United State Marshal. Fed. R. Civ. P. 4(c)(3). Ross attached a Summons to his Complaint (Doc. 2-2) that provides sufficient information for the Court to effect service of the North Lake County Public Library and Director Abbie Dooley.

## V.    Other Motions

On September 15, 2025, Ross filed a Motion for Summary Judgment. (Doc. 6 at 1). However, summary judgment "should be entered after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Oliver v. Placer County Superior Court*, 2021 WL 663755, at *1 (E.D. Cal. Feb. 19, 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (United States Magistrate Judge with authority under 28 U.S.C. § 636(b)(1) denying pro se plaintiff's motion for summary judgment without prejudice to renewal as premature); *see also Erakat v. Dept of Treasury*, 2024 WL 2786784, at 1 (E.D. Cal. May 30, 2024) (United States Magistrate Judge denying pro se plaintiff's motion for summary judgment— which was filed before payment of the filing fee or an application to proceed in forma pauperis—without prejudice as procedurally deficient and premature).

9

Ross filed his Motion for Summary Judgment while the screening of his Complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 were pending before this Court, and Defendants have yet to enter an appearance in the case. Accordingly, Ross's Motion for Summary Judgment is premature.

For the reasons discussed above, the Court enters the following:

### ORDER

1.      Ross's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on August 4, 2025.

2.      Ross's Motion for Summary Judgment (Doc. 6) is DENIED WITHOUT PREJUDICE to renew as premature.

3.      Pursuant to Fed. R. Civ. P. 4(d), the Court requests that Defendants waive service of summons of the complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order. If Defendants choose to return Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C § 1997e(g)(2).

3.      The Clerk of Court shall serve the following documents on North Lake County Public Library and Director Abbie Dooley at the address provided on the proposed Summons provided by Ross:

    a.     complaint (Docs. 2 and 2-1);

    b.     this order;

    c.     a notice of lawsuit & request to waive service of summons; and

    d.     a waiver of service of summons.

4.     Any party's request that the Court grant relief, make a ruling, or take an action of nay kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5.     Plaintiff <u>shall not</u> make any motion for default until at least 70 days after the date of the Order.

6.     Pursuant to Local Rule 26.1(d) "no party may begin discovery until a scheduling order had been issued."

7.     At all times during the pendency of this action, Plaintiff must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the

//

dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 3rd day of March, 2026.

_____
Kathleen L. DeSoto
United States Magistrate Judge