IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH LAKE COUNTY LIBRARY, and ABBI DOOLEY,<br><br>Defendants. | CV 25-121-M-KLD<br><br>ORDER |

Plaintiff Michael Ross, who is proceeding pro se and in forma pauperis, filed this action in August 2025. (Doc. 2). Plaintiff's complaint survived screening under 28 U.S.C. § 1915 (Doc. 7) and the Court entered a pretrial scheduling order on May 5, 2026 (Doc. 14). On October 15, 2026, the Court issued an order granting Defendants North Lake County Library and Abbi Dooley's motion for a second status conference to address discovery issues and other case management matters. (Doc. 42). Plaintiff failed to appear for the status conference, which was scheduled to be held by Zoom at 2:30 p.m. on October 19, 2026. (Docs. 42 and 43). Plaintiff did not file a motion to reschedule the status conference or otherwise contact the Court prior to the conference to request a continuance.

Given Plaintiff's failure to appear, the Court issued an order that afternoon rescheduling the status conference for October 21, 2026, at 3:00 p.m. (Doc. 44).

The notice of electronic filing generated by the Court's electronic case management system confirms that the Order was served via email on Plaintiff at his email address of record with the Court. (Doc. 44). The docket reflects that the Clerk of Court emailed Zoom information for the status conference to Plaintiff. (Doc. 44). As before, Plaintiff failed to appear for the status conference on October 21, 2026. (Doc. 45). Again, Plaintiff did not file a motion to reschedule the status conference or otherwise contact the Court prior to the conference to request a continuance.

In its order rescheduling the status conference for October 21, 2026, the Court expressly cautioned Plaintiff that if he failed to appear or to request a continuance prior to the status conference, this case might be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with the Court's orders. (Doc. 44 at 2).

Under Rule 41(b) the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or to comply with the court's orders). Before dismissing an action as a sanction for failure to prosecute or comply with a court order, the Court must consider "the following factors: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

The first two factors relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Plaintiff has not complied the Court's orders requiring him to participate in a status conference that is necessary to address pending discovery issues and other case management matters. Plaintiff's repeated failure to participate in this court-ordered conference has impeded the efficient administration of judicial business. The first two factors thus weigh in favor of dismissal.

The third factor requires the Court to consider the risk of prejudice to the defendants. Defendants requested a status conference to address pending discovery issues and other case management matters so that this case may proceed. Plaintiff's failure to participate in this court-ordered status conference has prejudiced Defendants who, in compliance with the Court's orders, prepared for the conference and have been actively expending time and resources in defending against Plaintiff's claims. As of the date of this order, Plaintiff has provided no

explanation for his repeated failure to participate in the court-ordered status conference that is necessary for this case to proceed. This factor weighs in favor of dismissal.

The Court has considered less drastic alternatives, such as rescheduling the status conference for a third time. As outlined above, however, Plaintiff has failed to move for a continuance, contact the Court, or respond to the Court's orders in any way. Because Plaintiff has not complied with the Court's orders to participate in a necessary status conference, this case cannot proceed in an orderly fashion and the Court's ability to manage its docket has been impeded. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). Having considered less drastic alternatives, the Court finds the fourth factor weighs in favor of dismissal.

The fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. This factor is outweighed by the factors discussed above, however, which weigh in favor of dismissing this matter based on Plaintiff's repeated failure to participate in a case management status conference in compliance with the Court's orders.

For the reasons outlined above,

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE

pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders. The Clerk of Court is directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 26th day of October, 2026.

Kathleen L. DeSoto
United States Magistrate Judge