IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH LAKE COUNTY LIBRARY, and ABBI DOOLEY,<br><br>Defendants. | CV 25-121-M-KLD<br><br>ORDER |

Plaintiff Michael Ross, who is proceeding pro se and in forma pauperis, filed this action in August 2025. (Doc. 2). Plaintiff's complaint survived screening under 28 U.S.C. § 1915 (Doc. 7) and the Court entered a pretrial scheduling order on May 5, 2026 (Doc. 14). On October 15, 2026, the Court issued an order granting Defendants North Lake County Library and Abbi Dooley's motion for a second status conference to address discovery issues and other case management matters. (Doc. 42). Plaintiff failed to appear for the status conference, which was scheduled to be held by Zoom at 2:30 p.m. on October 19, 2026. (Docs. 42 and 43). Plaintiff did not file a motion to reschedule the status conference or otherwise contact the Court prior to the conference to request a continuance.

Given Plaintiff's failure to appear, the Court issued an order that afternoon rescheduling the status conference for October 21, 2026, at 3:00 p.m. (Doc. 44).

The notice of electronic filing generated by the Court's electronic case management system confirms that the Order was served via email on Plaintiff at his email address of record with the Court. (Doc. 44). The docket reflects that the Clerk of Court emailed Zoom information for the status conference to Plaintiff. (Doc. 44). In its order rescheduling the status conference for October 21, 2026, the Court expressly cautioned Plaintiff that if he failed to appear or to request a continuance prior to the status conference, this case might be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with the Court's orders. (Doc. 44 at 2). As before, Plaintiff failed to appear for the status conference on October 21, 2026. (Doc. 45). Again, Plaintiff did not file a motion to reschedule the status conference or otherwise contact the Court prior to the conference to request a continuance.

On October 26, 2026, the Court issued an order dismissing this action without prejudice. (Doc. 47) The Court weighed the Fed. R. Civ. P. 41(b) factors and based on Plaintiff's failure to participate or otherwise contact the Court, determined that the factors weighed in favor of dismissal without prejudice. (Doc. 47 at 2–4). The Clerk of Court entered judgment the same day. (Doc. 47).

On October 27, 2026, the Court received several documents in the mail from Plaintiff: an affidavit dated October 19, 2026, and postmarked October 20, 2026; a motion for summary judgment dated October 19, 2026, and postmarked October

20, 2026; and Plaintiff's medical records with an unknown mailing date. Plaintiff also contacted the Clerk of Court's office via telephone on October 26, 2026. The Clerk's office advised Plaintiff that the Court dismissed the case without prejudice. Plaintiff explained that his phone is broken and thus he has been unable to receive or send emails.

The Court finds that a third status conference is warranted due to Plaintiff's alleged inability to receive email. The Court further concludes that a stay is appropriate pending the status conference. A brief stay will not prejudice any party, will spare Defendants the expense of responding to filings that the Court intends to address at the status conference, and will promote the orderly resolution of the pending post-judgment issues. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Accordingly,

IT IS ORDERED that a status conference to address case management matters is scheduled for **November 10, 2026, at 10:30 a.m. MST.** The conference will be held via Zoom. The Clerk of Court will notify Plaintiff and Defendants via e-mail of the meeting ID and password in advance of the hearing. **Zoom Guidance and Setup available at: https://www.mtd.uscourts.gov/zoom-hearings**. The Clerk of Court is also directed to mail a copy of this order and the meeting ID and password to Plaintiff's address on file with the Court.

IT IS FURTHER ORDERED that Plaintiff and counsel for Defendants must

appear at the status conference. If Plaintiff fails to appear at the status conference, the Court will not reconsider its order dismissing this case without prejudice.

IT IS FURTHER ORDERED that all proceedings in this matter are STAYED until the conclusion of the status conference. The parties shall not file any additional motions, briefing, or other materials until this stay is lifted.

The Clerk of Court is directed to lodge the documents mailed to the Court and received on October 27, 2026. Plaintiff's medical records shall be lodged under seal and will be addressed at the status conference. The Clerk of Court is further directed to email and mail a copy of this order and the Zoom information to Plaintiff.

DATED this 27th day of October, 2026.

Kathleen L. DeSoto
United States Magistrate Judge